**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 25-1376**

—————————

WILSON JOSUE GUERRA-ZAVALA; GLADYS YOLANI GUERRA-ZAVALA,

　　　　　　　Petitioners,

　　　v.

PAMELA JO BONDI, Attorney General,

　　　　　　　Respondent.

—————————

On Petition for Review of an Order of the Board of Immigration Appeals.

—————————

Submitted: October 30, 2025　　　　　　　　　Decided: November 3, 2025

—————————

Before RUSHING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

—————————

Petition denied by unpublished per curiam opinion.

—————————

**ON BRIEF:** Ava C. Benach, Esquire, BENACH PITNEY REILLY, LLP, Washington, D.C., for Petitioner. Brett Shumate, Assistant Attorney General, Sheri R. Glaser, Acting Assistant Director, Ilana J. Snyder, Senior Litigation Counsel, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilson Josue Guerra-Zavala and his sister Gladys Yolani Guerra-Zavala, natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals dismissing their appeal from the immigration judge's oral decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

We have reviewed the administrative record, including the transcript of the merits hearing and all supporting evidence, and considered the arguments raised on appeal in conjunction with the record and the relevant authorities. We conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the immigration judge's dispositive ruling, affirmed by the Board, that Respondents failed to establish the requisite nexus between the claimed protected grounds and the asserted past persecution or the feared future persecution, *see Cedillos-Cedillos v. Barr*, 962 F.3d 817, 824 (4th Cir. 2020) (explaining that, in conducting substantial evidence review of the agency's nexus determination, this court "is limited to considering whether [its] conclusion is supported by reasonable, substantial, and probative evidence" (internal quotation marks omitted)).

Respondents testified that a single local gang member threatened them because of their political opinions, faith as evangelical Christians, familial ties, and because Gladys is a woman.  The immigration judge found that Respondents' proffered groups were not a central reason that they experienced the alleged threats, explaining that Respondents' testimony showed that other community members faced similar persecution from this gang

2

member, and thus Respondents were not specifically targeted based on their proposed groups. Moreover, the immigration judge found that the gang member's threats "appeared to be private actions and criminality against an entire family, but not on account of their family membership."

We conclude that the immigration judge did not err in finding that Respondents failed to establish that their proposed social groups were a central reason that they were targeted instead of other individuals and that they therefore failed to satisfy the nexus element. Finally, Respondents do not address the Board's holding that they had waived review of the denial of CAT relief; thus, they have forfeited review of the Board's waiver ruling. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).

Accordingly, we deny the petition for review. *See In re Guerra-Zavala* (B.I.A. Mar. 12, 2025). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*